**610**

AFRAN TRANSPORT COMPANY, Calendar Navigation Corp., California Transport Corporation, Carib Marine Company, Grand Bassa Tankers, Inc., Hemisphere Transportation Corporation, Kupan Transport Company, Mobil Tankers Company, S.A., Norness Shipping Company, Inc., Panama Transport Company, Seatankers, Inc., Tanker Transport, Inc., Theater Navigation Corp., Transatlantic Navigation Corporation and Universe Tankships, Inc., Plaintiffs,

v.

NATIONAL MARITIME UNION, an unincorporated association, Seafarers International Union of North America, an unincorporated association, Joseph Curran, individually and as an officer and member representative of all the members of the National Maritime Union, and Joseph Algina, individually and as an officer and member representative of all the members of the Seafarers International Union of North America, Defendants.

United States District Court
S. D. New York.
June 8, 1959.

Maclay, Morgan & Williams, New York City, for plaintiffs. C. Dickerman Williams, Hugh S. Williamson, Granville Whittlesey, New York City, of counsel.

Cooper, Ostrin & DeVarco, New York City, for defendants National Maritime Union and Joseph Curran. Herman E. Cooper, H. Howard Ostrin, George A. Nicolau, Eugene N. Sosnoff, New York City, of counsel.

Seymour W. Miller, Brooklyn, N. Y., for defendants Seafarers International Union of North America, AFL-CIO and Joseph Algina. Seymour W. Miller, William Feldesman, Brooklyn, N. Y., Milton Horowitz, New York City, Ralph P. Katz, Brooklyn, N. Y., of counsel.

Bigham, Englar, Jones & Houston, New York City, for Republic of Panama, amicus curiae. Leonard J. Matteson, J. Bond Smith, Jr., New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, for Republic of Liberia, amicus curiae.

FREDERICK van PELT BRYAN, District Judge.

 Defendants' motion for reargument is granted.

On reargument I have considered the defendants' contentions that their motion for summary judgment, which I denied in my decision of February 20, 1959, should have been granted. It is the burden of the party who moves for summary judgment to establish that there are no material issues of fact which require a trial. I am not persuaded that the defendants have met that burden.

Nor am I persuaded that my order denying summary judgment "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation" within the meaning of 28 U.S.C. § 1292(b). The view of the Court of Appeals of this circuit as to the proper basis on which motions for summary judgment should be determined (see Arnstein v. Porter, 2 Cir., 154 F.2d 464; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130) makes it plain to me that the narrow question as to whether there are *any* material issues of fact to be tried in this case does not present such "a controlling question of law" as the statute contemplates should be certified for interlocutory appeal.

On reargument I adhere to my decision of February 20, 1959 denying defendants' motion for summary judgment and deny defendants' application for an order pursuant to 28 U.S.C. § 1292(b).

It is so ordered.